IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLISON S.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 1:20-cv-1456-MO

OPINION & ORDER

MOSMAN, District Judge:

This matter comes before me on Plaintiff Allison S.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On November 15, 2017, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, with an alleged onset date of September 1, 2017. Tr. 222-28, 229-34. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Tr. 75-98, 121-22. Plaintiff appeared and testified at a hearing held on July 1, 2019, before Administrative Law Judge (ALJ) Mark Triplett. Tr. 38-74. On August 8, 2019, the ALJ issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 21-37. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-7.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2017, the alleged onset date. Tr. 26. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease; right knee meniscal tear status-post arthroscopic surgery; osteoarthritis; and obesity. Tr. 26. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 27. The ALJ assessed Plaintiff's residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can tolerate only occasional exposure to workplace hazards such as unprotected heights and exposed, moving machinery.

Tr. 27.

2 – OPINION & ORDER

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 30. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as final assembler of optical goods, call-out operator, and lens inserter. Tr. 32. The ALJ therefore found Plaintiff not disabled. Tr. 32.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises three issues with the ALJ's decision. She argues the ALJ erred by (1) erroneously discounting Plaintiff's symptom testimony, (2) improperly discounting lay witness testimony, and (3) failing to meet his burden at step five. I address these issues in turn.

**I.   Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 114, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying

impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.*

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

At the hearing, Plaintiff testified that she is able to drive about 3 to 4 times per week. Tr. 46. Plaintiff shared that she can stand for only a few minutes at a time, and spends most of the day in a recliner. Tr. 51. Her lower back pain radiates into her left leg. Tr. 52. Plaintiff further estimated she could sit for 45 to 60 minutes, and can walk about half a block, but has to be careful because she is prone to falls. Tr. 53-54. Plaintiff relayed that she can lift about 8 pounds if necessary, but tries to avoid lifting in general. Tr. 55. She also has knee pain, uses a shower chair, and sometimes uses a walker for balance. Tr. 58, 60-61.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms and did not identify evidence of malingering. Tr. 29. However, the ALJ concluded that Plaintiff's statements concerning the intensity,

persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 29. The ALJ accommodated many of Plaintiff's allegations by limiting her to sedentary work with only occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; only occasional balancing, stooping, kneeling, crouching, and crawling; and only occasional exposure to workplace hazards such as unprotected heights and exposed, moving machinery. Tr. 27. But the ALJ discounted Plaintiff's more severe subjective complaints and supported that decision with substantial evidence. Specifically, the ALJ found Plaintiff's symptom allegations were inconsistent with the objective medical evidence, improvement with treatment, and Plaintiff's other testimony about her typical daily activities. Tr. 29-30.

### A. Objective Medical Evidence

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)(emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record). The absence of corroborating objective medical evidence is not enough, on its own, however, to reject a claimant's symptom testimony. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16-3p, 2017 WL 5180304, at *5; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ reasonably relied on conflicting medical records to discount Plaintiff's subjective symptom testimony about the extent of her knee and back pain. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). At the hearing, Plaintiff testified that her knee and back pain keep her in a recliner most of the day, that she can only sit for an hour at maximum, and that she has difficulty walking. Tr. 53-55. As the ALJ reasonably noted, the medical records suggested this testimony may be overstated. For example, the ALJ noted that, despite her degenerative disk disease and her variable gait, sensation, and reflexes, Plaintiff's range of motion was intact, and she had five out of five muscle strength, satisfactory varus/valgus (knee alignment) stability, and a negative McMurray's test, which is used to detect internal tears in the knee joint. Tr. 29–30, 340–41, 343, 346, 349, 363, 370, 377, 381, 384, 390, 395–96, 400–01, 408, 412, 416, 428, 438–39, 444–45, 451–52, 468–69, 472, 479. Further, she had the ability to get on and off the exam table and perform a toes and heel walk. Tr. 29–30, 340. The ALJ also cited the "mild" or "moderate" medical imaging results for Plaintiff's back and right knee, further suggesting these problems did not limit her as much as she alleged at the hearing. Tr. 29. The ALJ reasonably concluded that this evidence stood in contrast to Plaintiff's allegations of severe back and knee pain. The decision to discount Plaintiff's testimony about these symptoms was clear, convincing, and supported by substantial evidence in the record.

Plaintiff counters that the ALJ failed to identify any specific aspects of the medical record which were actually inconsistent with any specific part of her testimony. Pl. Br., ECF No. 13 at 8 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015)). To the contrary, the ALJ specifically focused on Plaintiff's testimony that her back pain keeps her in a recliner "8-10 hours per day," and the alleged standing and movement limitations caused by her back and right

knee pain, and compared those allegations to the medical record. Tr. 28-30. The ALJ cited numerous medical records that detracted from Plaintiff's testimony about these limitations. Tr. 29-30. Plaintiff disputes whether these medical records convincingly undermine her testimony, but that is beyond the scope of this Court's review. The Court evaluates only whether the ALJ's decision was supported by "substantial evidence," i.e., whether it has the "power to convince." *Smartt*, 53 F.4th at 499. As described above, the ALJ supported the decision to discount Plaintiff's testimony with sufficient record evidence, and the Court will not disturb that factual finding on review.

   *B. Daily Activities*

   The ALJ also reasonably discounted Plaintiff's allegations of back and knee pain as inconsistent with her reported daily activities suggesting otherwise. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The Ninth Circuit has found such routine activities as playing video games, using public transportation, and preparing meals can undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

   The ALJ identified several of Plaintiff's daily activities that conflicted with her testimony about debilitating knee and back pain. Despite testifying at the hearing that she would be relegated to a recliner most of the day, and require regular position change, the ALJ noted that Plaintiff could do household chores, drive a car, handle her finances, and go to the store. Tr. 30,

281–86. The ALJ also cited Plaintiff's ability to care for her daughters, prepare simple meals, and go for walks. Tr. 28, 281–84. The ALJ further supported his conclusion that Plaintiff could handle sedentary work and not be as limited as she alleged because she could engage in hobbies like reading and did the laundry and dishes. Tr. 28, 281–84. Ultimately, even when activities do not show transferable work skills, they "may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). The ALJ reasonably contrasted Plaintiff's ability to work around the home, care for others, and pursue hobbies with her testimony about disabling knee and back pain. This was another clear and convincing reason to discount this limited aspect of Plaintiff's symptom testimony.

    *C. Improvement with Treatment*

    An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has held that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

    The ALJ reasonably concluded that Plaintiff's knee pain improved with treatment, which undermined her hearing testimony concerning the severity of her knee-related symptoms. Although Plaintiff complained that she was unable to work in part due to knee pain (*see, e.g.,* Tr. 53-55), the ALJ noted that Plaintiff improved after her knee surgery. Tr. 29. The medical records the ALJ cited showed that following her knee surgery in September 2018, Plaintiff demonstrated

significant improvement in her right knee pain, with some tenderness, but good range of motion and no motor or sensory deficits. Tr. 29, 418, 420, 424, 462–64. The ALJ reasonably relied on Plaintiff's improvement following her surgery to discount her more severe subjective complaints about her right knee.

## II.    Lay Witness

In determining whether a claimant is disabled, an ALJ must consider "lay witness testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053. Lay witness testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence that cannot be rejected without comment, and requires germane reasons, explained individually or in the aggregate. *Id*.

The ALJ failed to analyze the lay witness testimony, but any error in failing to do so was harmless. Verna Smith, whom Plaintiff used to work for as a caregiver, wrote a letter describing Plaintiff's limitations. Ms. Smith's letter describing Plaintiff's back pain mirrored Plaintiff's own allegations. *Compare* Tr. 303-04, *with* Tr. 53-55. As discussed above, the ALJ provided legally sufficient reasons for concluding that Plaintiff's testimony was unpersuasive. These reasons apply with equal force to the lay witness testimony. Any error in rejecting the lay witness testimony was therefore harmless. *Molina,* 674 F.3d at 1117.[2]

---

[2] Plaintiff further argues that the ALJ erred by failing to incorporate the limitations alleged in the lay witness testimony and Plaintiff's discounted subjective symptom testimony into hypothetical questions posed to the vocational expert (VE). Pl. Br. ECF No. 13 at 10. For the reasons discussed above, the ALJ supportably discounted aspects of Plaintiff's subjective symptom testimony, and by extension, the limitations alleged by the lay witness. The hypotheticals the ALJ posed to the VE were therefore not incomplete, and the ALJ did not err at step five. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988).

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case.

IT IS SO ORDERED.

DATED: 11/17/2023 .

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge